394 P.2d 74

**Vickie J. PIERCE, Plaintiff and Respondent,**

**v.**

**George ANAGNOSTAKIS d/b/a The Shah, and Shah, Inc., Defendant and Appellant.**

**No. 10081.**

Supreme Court of Utah.

July 14, 1964.

a waitress in The Shah nightclub in Salt Lake City. Vickie worked from December 31, 1960, to June 17, 1961, without receiving any pay except tips. The case was submitted to the jury on interrogatories, and from the jury's answers the court entered judgment against Anagnostakis for $782.90, together with prior accumulated interest of $121.31, and future interest and costs. The court, however, refused to grant Vickie attorneys' fees. The court, pursuant to a stipulation of all of the parties, dismissed with prejudice the case against Shah, Inc.

During the time of the employment here involved there was in effect a mandatory order of the Industrial Commission made in accordance with provisions of Section 34–4–9, U.C.A.1953, specifying the minimum wages for women employed in "(Z)one 1 Salt Lake, Weber, and Utah counties * * * 85 cents per hour." The Industrial Commission's promulgation further provides that: "In no case shall tips or gratuities from patrons or others be counted as part of the minimum wage." And that: "In the restaurant occupation one substantial meal per shift must be furnished by the employer at no cost to the employee."

Section 34–4–17, U.C.A.1953, provides that:

"Any employee receiving less than the legal minimum wage applicable to

Richards, Bird & Hart, Salt Lake City, for appellant.

James A. McIntosh, Salt Lake City, for respondent.

WADE, Justice:

Plaintiff, respondent here, Mrs. Vickie J. Pierce, brought this action to recover from George Anagnostakis, doing business as The Shah, defendant and appellant, and Shah, Inc. to recover minimum wages and the value of meals not furnished to her as

such employee shall be entitled to recover in a civil action the unpaid balance of the full amount of such minimum wage, together with costs of suit, notwithstanding any agreement to work for such lesser wage."

1) Anagnostakis does not question the validity of the statute, nor the minimum wage established by the Industrial Commission. However, he contends that the doctrine of *in pari delicto* should have been submitted to the jury. He claims that the evidence would reasonably support a finding by the jury that Vickie knew of the minimum wage established by the Industrial Commission and that Anagnostakis was not aware thereof; that Vickie intentionally arranged that the remuneration for her employment would be for tips only, because she thought she would thereby make more money and could conceal her income from the Internal Revenue service. He contends that such a finding would defeat Vickie's right to recover the minimum wage.

■ Appellant cites cases which hold that under such a joint agreement to violate a statutory provision the employee's claim is defeated by the doctrine of *in pari delicto*.[1] However, in none of these cases

was there a statute similar to Section 34–4–17, U.C.A.1953, quoted above, which clearly shows the legislative intention to allow the collection of the minimum wage even in the face of an express agreement to work for less money. Thus it is clear that the purpose of the minimum wage act, Chapter 4, U.C.A.1953, and the promulgation by the Industrial Commission of the minimum wage for women and children thereunder was to insure to them the minimum wage provided notwithstanding any agreement to work for less and to make sure that "neither tips, or gratuities from patrons or others be counted as part of the minimum wage." Under this provision a minimum wage for women cannot be satisfied either by tips or an express agreement to the effect that the employee will accept in full satisfaction of her wages such tips or other gratuities.

■ This situation is not changed even if the evidence would support a finding that Vickie agreed to be paid by tips only to conceal her income from the Bureau of Internal Revenue, and that Anagnostakis did not know of the minimum wage or of her intention to conceal her income. He is not entitled to reap the benefits of having his

---

1. Short v. Bullion-Beck & Champion Mining Co., 20 Utah 20, 57 P. 720, 45 L.R.A. 603; Lewis v. Ferrari, (Cal.1939) 34 Cal. App.2d Supp. 767, 90 P.2d 384; Bartholomew v. Haymen Properties (Calif. 1955) 132 Cal.App.2d Supp. 889, 281 P. 2d 921; Rozell v. Vansyckle, 11 Wash. 79, 39 P. 270; Van Antwerp v. Van Antwerp, 242 Ala. 92, 5 So.2d 73, 79; Young v. Wierenga, 314 Mich. 287, 23 N.W.2d 92; Twiehaus v. Rosner (Mo.1952) 362 Mo. 949, 245 S.W.2d 107, 28 A.L.R.2d 1192.

liability for the minimum wage cancelled merely by failing to learn of these matters. He is not relieved merely by ignorance of the law, which would make it highly advantageous for him to be ignorant.

■ 2) The court's instructions and interrogatories on liability for Vickie's meals were not erroneous. As above pointed out, the Industrial Commission's promulgation of rules provides that "one substantial meal per shift must be furnished by the employer at no cost to the employee." Anagnostakis furnished Vickie no substantial free meals, but made available to her meals at half price. Her meals for the 110 "long shifts" which the jury found she served were either nibblings or bought and paid for by her, or were brought with her to work. No record was kept of the number of meals she ate during these "long shifts." Anagnostakis refused to furnish the meals required. The jury found 75¢ was the fair market value of a substantial meal at half price. So we conclude that under these facts, the allowance of $82.50 for meals not furnished her, which is 75¢ per meal for 110 meals, is the correct amount to be allowed Vickie. So since appellant refused to allow her any free meals as required, and since no record was kept of the cost to her of the meals she consumed, the court's method of submitting the value of the substantial meals to the jury was correct.

Appellant argues two other points: 3) He claims prejudice from the exclusion of evidence of Vickie's drinking habits for impeachment purposes, and 4) prejudice from admission of evidence of a telephone conversation. A careful study of the record clearly indicates to us that no prejudice resulted, and that no useful purpose would be served by a detailed discussion of these propositions.

5) The trial court was correct in refusing to award Vickie attorneys' fees.

Section 34–9–1, U.C.A.1953, as amended by the 1961 laws, provides that whenever an "employee shall * * * bring suit for wages * * * and shall establish * * * that the amount for which he has brought suit is justly due, and that a demand had been made in writing at least fifteen days before suit was brought for a sum not to exceed the amount so found due, then it shall be the duty of the court * * * to allow to the plaintiff a reasonable attorneys' fee * * *."

This statute, without ambiguity, requires the establishment that the amount sued for is justly due, and that demand in writing was made for a sum not to exceed the amount found due in order for the court to award attorneys' fees.

■ Neither of the above requirements of the statute were complied with in this case. Vickie's written demand was for 90 cents per hour, but the minimum wage law standards was only for 85 cents per hour. She demanded $936.90 minimum wages and

brought suit for the amount, plus the reasonable value of one meal per day, together with accumulated interest thereon to the date of judgment. The trial court awarded her only $782.90 for both the minimum wages and the meals, then added thereto $121.31 accumulated interest to the date of judgment. Thus her written demand and the amount she brought suit for was substantially more than she was awarded by the court. Under these circumstances this statute does not authorize the court to award her attorneys' fees.

Judgment affirmed. Costs to respondent.

HENRIOD, C. J., and McDONOUGH, CALLISTER and CROCKETT, JJ., concur.