**Orville Ralph COATES and Donna Coates, his wife, Plaintiffs and Respondents,**

v.

**AMERICAN ECONOMY INSURANCE COMPANY, Defendant and Appellant.**

**No. 17026.**

Supreme Court of Utah.

March 27, 1981.

Thomas N. Arnett, Jr., Salt Lake City, for defendant and appellant.

Jeff R. Thorne, Ben H. Hadfield, Brigham City, for plaintiffs and respondents.

HOWE, Justice:

Appeal from a summary judgment granted the plaintiffs for survivor benefits, funeral expenses and medical expenses under an automobile insurance policy issued by the defendant to the plaintiffs.

The parties stipulated to the facts. The plaintiffs were covered by an automobile insurance policy issued by the defendant. Their son, Brent Ralph Coates, was an "insured person" under that policy. On July 8, 1978, while the policy of insurance was in full force and effect, Brent was test driving a motorcycle consigned to Vesco's Sport Center, a dealer. While so doing he was involved in an accident with a motor vehicle at an intersection in Brigham City, Utah, which resulted in Brent's loss of life. The plaintiffs paid the expenses in connection with his injuries, death and burial, and have suffered certain losses as the survivors of Brent. The trial court granted the plaintiffs judgment for those amounts under the policy.

The defendant's sole contention on this appeal is that Brent's accident and resulting loss of life were not covered by the terms of the policy, which had been written in compliance with Utah's Automobile No-Fault Insurance Act, §§ 31–41–1 et seq., U.C.A. 1953, as amended. Section 31–41–6 mandates, among other things, the minimum benefits every insurance policy shall contain. Section 31–41–7 provides to whom there shall be coverage:

(1) The coverages described in § 31–41–6 shall be applicable to:

(a) Personal injuries sustained by the insured when injured in an accident in this state involving any motor vehicle.

(b) Personal injuries arising out of automobile accidents occurring in this state sustained by any other natural person while occupying the described motor vehicle with the consent of the insured or while a pedestrian if injured in an accident involving the described motor vehicle.

Section 31–41–3 defines a motor vehicle as "any vehicle of a kind required to be registered under Title 41, but excluding, however motorcycles."

Defendant contends that since Brent was riding a motorcycle and was neither driving nor occupying a "motor vehicle" as defined, he was specifically excluded from coverage by the act and by the policy. This argument overlooks the precise wording used by the Legislature in § 31–41–7(1)(a) quoted above, which provides in broad terms for coverage for the insured (which Brent admittedly was) when injured or killed in an accident in this state involving any motor

vehicle. There is no requirement there that the insured must be operating or occupying the motor vehicle. He must only be in an accident involving a motor vehicle. This clearly would allow the insured to be operating or occupying a conveyance other than a motor vehicle, or even be on foot, so long as the accident involved a motor vehicle as defined in the act. There is no question here but that Brent collided with a motor vehicle (a truck) in the intersection accident.

The foregoing interpretation is strengthened by the fact that in § 31–41–7(1)(b) the Legislature specifically provided for coverage under that subsection only "while occupying the described motor vehicle." A comparison of the two subsections readily reveals that the Legislature intentionally and advisedly omitted the requirement of occupying a motor vehicle in subsection (a), but included that requirement in subsection (b). It is apparent that the Legislature in subsection (1)(a) intended that an insured be clothed with coverage in a broad number of fact situations when he may be brought in contact with a motor vehicle in an accident. One such fact situation arose in this case when an insured was test driving a conveyance which has been defined under the No-Fault Act as not itself a motor vehicle, but which was in a collision with a motor vehicle; that accident therefore "involved" a motor vehicle. The broad language of subsection (1)(a) clearly covers this fact situation. See *Gerber v. Allstate Ins. Co.*, 161 N.J.Super. 543, 391 A.2d 1285 (1978), where a similar construction was given the New Jersey "No-Fault Law."

Defendant further contends that a 1975 amendment to § 31–41–3 known as Chapter 86, Laws of Utah 1975, which changed the definition of a pedestrian so as to expressly exclude a person occupying or riding upon a motorcycle, evidences a legislative intent that in no instance was a person operating or riding upon a motorcycle to have coverage under the act. We would agree with the defendant if the plaintiffs here were attempting to recover under subsection (1)(b) on the theory that Brent was a "pedestrian." The 1975 amendment clearly excluded persons occupying or riding upon motorcycles from the definition of a pedestrian. But plaintiffs do not claim that Brent was a pedestrian and therefore entitled to coverage under subsection (1)(b); he was an insured and was killed in an accident in this state involving a motor vehicle, coverage for which is provided under subsection (1)(a). The 1975 amendment did not change (1)(a) and, therefore, defendant's argument has no merit.

The judgment below is affirmed and the case is remanded to the court below for the purpose of fixing plaintiffs' attorney's fees on this appeal as provided for in § 31–41–8. Contrary to defendant's assertion, no cross-appeal by the plaintiffs is necessary since they in no respect complain of the judgment below, but merely seek attorney's fees incurred in defending this appeal as provided by law. Costs are awarded to plaintiffs.

MAUGHAN, C. J., and STEWART and OAKS, JJ., concur.

HALL, J., concurs in result.