2000 UT 82

David L. FAUST, Plaintiff and Appellant,

v.

KAI TECHNOLOGIES, INC., and
American Phoenix, Defendants
and Appellees.

No. 980292.

Supreme Court of Utah.

Oct. 6, 2000.

Rehearing Denied Nov. 28, 2000.

Gordon W. Duval, Christine M. Petersen, Pleasant Grove, for plaintiff.

David K. Detton, Salt Lake City, and Creighton R. Magid, Minneapolis, Minn., for defendants.

HOWE, Chief Justice:

¶ 1 Plaintiff David L. Faust appeals from a judgment awarded him against his former employer, defendant KAI Technologies, Inc., which included $1500 in attorney fees. He contends that by misinterpreting the term "wages" in Utah Code Ann. § 34–27–1 (1994),[1] the trial court made an insufficient award of attorney fees.

## BACKGROUND

¶ 2 In May 1993, Faust was employed as director of engineering for KAI. His employment contract provided for a salary of $65,000 per year, insurance benefits, and a two percent equity ownership interest in the corporation, one percent due at the beginning of employment and one percent due after six months of full-time employment. In addition, Faust was entitled to reimbursement for all out-of-pocket expenses incurred on behalf of KAI.

¶ 3 Throughout their nearly three-year employment relationship, KAI failed to make timely payments to Faust for his services and out-of-pocket expenses. Faust attempted to work with KAI to reach a mutually satisfactory repayment plan in 1994, but after months of unsatisfactory results, he resorted to contacting KAI through legal counsel in February 1995. In December 1995, KAI acknowledged in a letter that it owed Faust $51,817.56 in work-related expenses for 1994 and 1995 and promised in writing to pay that amount in regular installments, plus eighteen percent interest until paid. Faust signed the letter, indicating his agreement.

¶ 4 In January 1996, KAI notified Faust that his employment was to be terminated for economic reasons. In a letter dated January 17, 1996, however, the president of KAI proposed that Faust continue to work for KAI through hourly work on a project-by-project basis with "[t]he balance of expenses due to you from 1994–1995[to] be addressed as referenced in our earlier letter to you." Faust continued by mutual agreement to provide additional services at an hourly rate.

¶ 5 By February 1996, however, any remaining employment relationship had completely deteriorated. Amounts for unreimbursed expenses for 1994 and 1995 in the amount of $51,817.56, as well as for Faust's hourly work, remained unpaid. Consequently, Faust filed this action on February 6, 1997, seeking judgment for (1) $51,817.56, which KAI acknowledged owing, plus accrued interest of $15,185.31 for a total of $67,002.87; (2) $234.38 in unpaid wages; (3) a stock certificate representing a one percent interest in KAI; (4) $2500 severance pay; and (5) attorney fees.

¶ 6 KAI did not contest liability, and a default judgment was entered in Faust's favor for the relief sought in the complaint, together with $388.53 in court costs. Additionally, Faust sought attorney fees of approximately $30,000 for the services of his attorney during the years of this dispute. Initially, the trial court denied Faust's request, but reconsidered its ruling in response to Faust's subsequent motion pursuant to Utah Rule of Civil Procedure 52(b). It then determined that Faust had satisfied the statutory requirements for an award of fees for the recovery of $234.38 in unpaid wages under Utah Code Ann. § 34–27–1. The court found that $1500 represented a reasonable attorney fee, specifically stating that the recovery was for the preparation of the complaint and attendance at the default hearing. The court denied any "recovery of attorney's fees for a three-year period of time in negotiating these other matters that were ultimately recovered."

## ANALYSIS

¶ 7 Faust appeals, challenging the amount of attorney fees. He raises three issues: (1) whether the trial court abused its discretion in awarding only $1500 for attorney fees for prevailing in his suit for "wages" under Utah Code Ann § 34–27–1 (1994); (2) whether the trial court improperly denied attorney fees arising out of alleged bad faith conduct under Utah Code Ann. § 78–27–56(1) (1996); and

1. Throughout the opinion, the code sections cited refer to those that were current at the time of Faust's termination.

(3) whether the trial court erred in refusing to exercise its equitable power to award attorney fees. We address each argument respectively.

## I. ATTORNEY FEES UNDER UTAH CODE ANN. § 34–27–1

¶ 8 Faust first contends that the trial court improperly interpreted the term "wages" as used in section 34–27–1 too narrowly to mean only his hourly wages, excluding other unpaid expenses and benefits owed him. He asserts that all sums for which he recovered judgment were "wages" under the statute, and thus he should have been awarded all of his attorney fees for both negotiating and litigating all claimed amounts. He concedes that if only $234.38 constitutes "wages," the award of $1500 in attorney fees was reasonable.

¶ 9 We find it unnecessary to determine what constitutes "wages" under section 34–27–1. Even if we were to determine that all amounts for which Faust recovered judgment were "wages," the award of $1500 in attorney fees remains a reasonable amount. The trial court predicated its award on the time spent by Faust's attorney in preparing the complaint and attending the hearing at which the default judgment was entered. In the same complaint in which Faust sought recovery of $234.38 owed him for his hourly work, he sued for $51,817.56 in unreimbursed expenses that KAI had earlier acknowledged owing. No additional pleading was required by reason of the unreimbursed expenses being sought in the same lawsuit. Faust's attorney prepared only one complaint and attended only one default hearing, irrespective of the characterization that may be made of the amounts for which Faust sought judgment.

¶ 10 Section 34–27–1 by its express language limits the attorney fees to those incurred in pursuit of the *suit* against the employer. That section provides:

Whenever a mechanic, artisan, miner, laborer, servant, or other employee shall have cause to bring suit for wages earned and due according to the terms of his employment and shall establish by the decision of the court that the amount for which he has brought suit is justly due, and that a demand has been made in writing at least fifteen days before suit was brought for a sum not to exceed the amount so found due, then it shall be the duty of the court before which the case shall be tried to allow to the plaintiff a reasonable attorneys' fee in addition to the amount found due for wages, to be taxed as *costs of suit.*

(Emphasis added.)

¶ 11 The correct measure of attorney fees is clear from the statute: The legislature intended to provide fees to successful parties based on the costs of actually bringing suit. For an award to be warranted, an employee must have "cause to bring suit," must prove in court that the amount in controversy is "justly due," and must have made a demand in writing at least fifteen days before trial. Attorney fees are to be considered "costs of suit." Id.

¶ 12 The standard of review on appeal of the reasonableness of a trial court's award of attorney fees is " 'patent error or clear abuse of discretion.' " *Valcarce v. Fitzgerald,* 961 P.2d 305, 316 (Utah 1998) (quoting *City Consumer Serv., Inc. v. Peters,* 815 P.2d 234, 240 (Utah 1991)); *Baldwin v. Burton,* 850 P.2d 1188, 1198 (Utah 1993). We find no error or abuse here. The only litigative acts in this case were the preparation of the complaint and attendance at the default hearing. The court awarded fees for the litigative steps Faust took.

¶ 13 Faust insists that his pre-litigation settlement and collection efforts should have been reflected in the attorney fees award. He points out that "[t]he majority of the legal fees and expenses in this case were incurred after the employer failed to live by the terms of a settlement letter agreed to by the parties, and refused to pay monies to the employee which the employer readily admitted in the December 29, 1995, letter were due and payable." This argument is unavailing. The statute mentions nothing about recovery of any pre-suit negotiations and collection efforts that may have been conducted, but clearly states any fees awarded are

"costs of suit." We cannot construe the statute beyond or in contradiction to its plain meaning and will not extend section 34–27–1 to cover pre-litigation settlement efforts and negotiations. *See generally Nelson v. Salt Lake County,* 905 P.2d 872, 875 (Utah 1995) (stating that the fundamental rule of statutory construction is that statutes are to be construed according to their plain meaning). Our case law interpreting this section has not considered providing for anything but the actual costs of bringing suit. *See generally Zoll & Branch v. Asay,* 932 P.2d 592 (Utah 1997); *Smith v. Batchelor,* 832 P.2d 467 (Utah 1992); *Bennett v. Robinson's Med. Mart, Inc.,* 18 Utah 2d 186, 417 P.2d 761 (1966); *Pierce v. Anagnostakis,* 15 Utah 2d 418, 394 P.2d 74 (1964).

¶ 14 In so ruling, we do not condone bad faith pre-litigative conduct and attempts to thwart settlement, but we are constrained by the statute to award fees incurred only in bringing suit. The only legal service required to obtain a default judgment here was the filing of the complaint and attendance at one default hearing. Faust has been recompensed for that work.

## II. BAD FAITH UNDER UTAH CODE ANN. § 78–27–56(1)

¶ 15 Faust next contends that because KAI did not promptly pay him the wages it acknowledged were due, and because KAI attempted to negotiate a non-compete clause before settling the claims, he is entitled to attorney fees because KAI did not act in good faith as mandated by section 78–27–56(1). That section provides:

> In civil actions, the court shall award reasonable attorney's fees to a prevailing party if the court determines that the action or defense to the action was without merit and not brought or asserted in good faith. . . .

§ 78–27–56(1).

■ ¶ 16 The statute contains two requirements a prevailing party must meet to become entitled to reasonable attorney fees. First, the court must determine that the action or defense to the action was without merit, and second, that it was not brought or asserted in good faith. The first requirement cannot be met here. KAI did not raise any defense to Faust's action. On February 6, 1997, Faust filed his complaint seeking judgment for the outstanding sums. KAI did not answer the complaint, and a certificate of default was filed on April 25, 1997. On June 9, an evidentiary hearing was held, and Faust was granted a default judgment. Faust acknowledged in his brief that "[i]n this case the employer acknowledged the debt, and did not even try to defend the action." Where KAI interposed no defense, Faust, as a prevailing party, cannot qualify for fees under the statute. It is not enough that KAI did not promptly pay him the amounts it acknowledged were owing in the settlement letter or that KAI may have acted in bad faith at times in the settlement negotiations. The statute simply does not extend to such conduct. Thus, Faust's claim for attorney fees fails under section 78–27–56(1).

## III. COMMON LAW EQUITABLE POWER TO AWARD ATTORNEY FEES

■ ¶ 17 Finally, Faust contends that overriding principles of equity should warrant an award of attorney fees. The traditional American rule, and the rule in Utah, is that attorney fees are not recoverable by a prevailing party unless authorized by statute or contract. *See Stewart v. Utah Pub. Serv. Comm'n,* 885 P.2d 759, 782 (Utah 1994); *Baldwin,* 850 P.2d at 1198.

■ ¶ 18 However, in Stewart we recognized an exception to the traditional rule and held that an equitable award of attorney fees was proper under the private attorney general doctrine, which allows for an award of fees where a plaintiff successfully vindicates an important public policy benefitting a larger population. *See Stewart,* 885 P.2d at 783. In doing so, we stated that "we note the exceptional nature of this case. We further note that any future award of attorney fees under this doctrine will take an equally extraordinary case." *Id.* at 783 n. 19.

¶ 19 The trial court found in the instant case that attorney fees based upon the inherent equitable power of the court were "un-

warranted." We agree. The private attorney general doctrine relied on in *Stewart* is clearly inapplicable in this action.

## CONCLUSION

¶ 20 We affirm the trial court's award of $1500 in attorney fees under section 34–27–1 as reasonable and proper. Faust was also correctly denied fees under section 78–27–56(1) because KAI did not interpose any defense to Faust's action. Additionally, Faust is not entitled to fees under the private attorney general doctrine. The trial court's determination on the issue of attorney fees is affirmed in all respects.

¶ 21 Associate Chief Justice RUSSON, Justice DURRANT, and Justice WILKINS concur with Chief Justice HOWE's opinion.

DURHAM, Justice, concurring:

¶ 22 While I agree with the court's opinion that the plain meaning of section 34–27–1 does not appear to permit the award of attorney fees outside of the litigation context, I am disturbed that this clearly works to discourage out-of-court settlement of disputes, prior to the initiation of litigation, in the employment area. The appellant in this action has recovered his lost wages, but at an enormous cost. This case presents a good argument for the legislature considering the expansion of cost recovery when back wages owed to an employee are involved.