2009 UT 1

**ENVIROCARE OF UTAH, INC., Plaintiff and Appellant,**

v.

**UTAH STATE TAX COMMISSION, Defendant and Appellee.**

No. 20080175.

Supreme Court of Utah.

Jan. 16, 2009.

---

**62.** Utah R. Civ. P. 54(d)(1) (emphasis added).

**63.** *Frampton,* 605 P.2d at 774.

Mark K. Buchi, Steven P. Young, Salt Lake City, for plaintiff.

Mark L. Shurtleff, Att'y Gen., Clark L. Snelson, Asst. Att'y Gen., Salt Lake City, for defendant.

DURHAM, Chief Justice:

¶1 Envirocare of Utah appeals from a ruling by the district court affirming a final decision of the Utah State Tax Commission. The district court granted summary judgment to the Commission based on stipulated facts. We affirm.

## BACKGROUND

¶2 At issue in this case is the proper calculation of Envirocare's tax base for purposes of the Radioactive Waste Facility Tax (Waste Tax) imposed by Utah Code sections 59–24–101 to –109, adopted by the legislature in 2001, and amended in 2003. Utah Code Ann. §§ 59–24–101 to –109 (2006).[1] The statute imposes a tax on Envirocare's gross receipts for disposal of waste, defined as "all consideration an owner or operator of a radioactive waste facility receives for the disposal of radioactive waste in the state, without any deduction or expense paid or accrued related to the disposal of the radioactive waste." Utah Code Ann. § 59–24–102(5)(a). Envirocare argues that it is entitled to exclude two items from its calculation of gross receipts for taxes imposed between April 1, 2001, to June 30, 2003: (1) the amount it calculates on every transaction for the Waste Tax, which it bills separately to the customer and which it claims should be treated as a pass-through tax for which it is only the collector, and (2) payments it makes to Tooele County pursuant to a contract (the

---

1. In 2003, the Radioactive Waste Disposal, Processing, and Recycling Facility Tax, section 59–24–103.5, was adopted. This tax applies from July 1, 2003, to the present. In 2003, section 59– 24–103, Tax Imposed on Radioactive Waste, was amended to apply between April 1, 2001, to June 30, 2003. The tax imposed by section 59–24–103 is at issue in this case.

Clive Repository Agreement, hereafter the Agreement). The Agreement was entered into in 1987 by Envirocare's predecessor in interest and assigned to Envirocare on October 4, 1988. Pursuant to the Agreement, Tooele County purchased property from the state for resale to Envirocare for the purpose of operating a radioactive waste facility. In return, Envirocare was obligated to pay a "tippage fee" to the county for all radioactive waste stored or disposed on its property equal to a percentage of its gross revenues. Envirocare argues that these payments constitute a tax that must be excluded from its gross receipts.

## ANALYSIS

¶ 3 The determination of the meaning of gross receipts under Utah Code section 59–24–102(5) is a question of law, which we review for correctness. *Sill v. Hart,* 2007 UT 45, ¶ 5, 162 P.3d 1099. The plain language application of contract provisions is also a question of law which we review for correctness. *Hoggan v. Hoggan,* 2007 UT 78, ¶ 7, 169 P.3d 750. We will discuss Envirocare's claimed exemptions separately.

## I. ENVIROCARE MAY NOT PROPERLY DEDUCT WASTE TAXES BILLED TO ITS CUSTOMERS FROM ITS GROSS RECEIPTS UNDER THE 2001 VERSION OF THE WASTE TAX STATUTE

¶ 4 As indicated above, section 59–24–102(5)(a) defines gross receipts as "all consideration an owner or operator of a radioactive waste facility receives for the disposal of radioactive waste in the state, without any deduction or expense paid or accrued related to the disposal of the radioactive waste." Utah Code Ann. § 59–24–102(5)(a) (2006). Subsection (b) specifically excludes from gross receipts fees collected under section 19–3–106. Utah Code Ann. § 59–24–102(5)(b) (Supp.2001).[2] Envirocare argues that the Waste Tax is a tax on the waste

deposit transaction, that it merely collects the tax from the customer and passes it through to the state, and that to include the amount of that tax in its taxable gross receipts creates a "tax on a tax" not permitted by law. Envirocare argues that the language in section 59–24–103, which states, "there is imposed a tax on radioactive waste received at a radioactive waste facility," means the tax is being imposed on its customers and not on Envirocare. Utah Code Ann. § 59–24–103 (2006). We disagree.

¶ 5 The language of section 59–24–103 is clear and unambiguous. It does not impose a tax on the customer of a waste disposal facility, nor on the waste itself. It imposes a tax on the facility, a fact clarified when the Act was renamed in 2003 from the "Radioactive Waste Tax Act" to the "Radioactive Waste Facility Tax Act." *Id.* § 59–24–101. Even prior to the clarification in the name of the Act, however, its language was always clear in imposing the tax on the facility itself; the tax is essentially on the privilege of doing business as a waste storage enterprise. No tax liability exists for the generation and depositing of the waste under this Act, and Envirocare cannot create such liability merely by the use of a separate invoice item it labels as "waste tax" and requires its customers to pay. When a term is not defined by statute, we look to its common usage to define it. *Zoll & Branch, P.C. v. Asay,* 932 P.2d 592, 594 (Utah 1997). "All consideration" as used in the statute simply means all payments received by Envirocare, regardless of how those payments are described in its billing process.

¶ 6 The statute specifically precludes the deduction from gross receipts of any of Envirocare's expenses related to the receipt and disposal of radioactive waste. Utah Code Ann. § 59–24–102(5)(a) (2006). The payment of the Waste Tax is one of those expenses. The legislature clearly knew how to identify items that could be excluded from the tax

**2.** The definition of what gross receipts does *not* include, found in section 59–24–102(5)(b), was amended in 2003. In 2001, gross receipts did not include "fees collected under Section 19–3–106." In 2003, exclusions of gross receipts was amended to read "fees collected under Section 19–3–106 or any other taxes collected for a state or federal governmental entity." *Compare* Utah Code Ann. § 59–24–102(5)(b) (Supp.2001) *with* Utah Code Ann. § 59–24–102(5)(b) (2006). We cite to the 2001 version of this subsection as it applies to the taxing period at issue.

base, as illustrated by subparagraph (b), which excludes "fees collected under Section 19–3–106." Utah Code Ann. § 59–24–102(5)(b) (Supp.2001). Section 19–3–106 provides: "An owner or operator of a commercial radioactive waste treatment or disposal facility that receives radioactive waste shall collect a fee from the generator of the waste as provided in Subsection (1)(b)." Utah Code Ann. § 19–3–106 (Supp.2001). Thus, with respect to the fees identified in these provisions, Envirocare is the agent of the state in collecting amounts for which the generator of the waste is liable and on which Envirocare cannot be taxed. With respect to the Waste Tax, by contrast, Envirocare is not the agent of the state for collecting taxes owed by a third party, but is itself the entity liable for the tax.

¶ 7 Envirocare's argument that this result creates "tax pyramiding" depends on its notion that the customers of Envirocare are actually paying a tax, a position we have rejected. Envirocare is entitled to charge its customers what the market will bear, including amounts it intends to use for meeting its own Waste Tax liability. It may also label those amounts as it chooses in its invoices, but the labels do not result in a government imposed tax on a tax. The Waste Tax is a tax on the economic activity of commercial waste facilities—the receipt and disposal of radioactive waste. It is not a tax on the generation of the waste or the waste itself.

## II. ENVIROCARE MAY NOT DEDUCT FROM ITS GROSS RECEIPTS AMOUNTS PAID TO TOOELE COUNTY UNDER THE AGREEMENT

■ ¶ 8 Envirocare's arguments with respect to its payments to Tooele County are essentially the same as those regarding the Waste Tax. It apparently calculates and "passes on" to its customers the amounts it is contractually obligated to pay to Tooele County under the Agreement, and it asserts that these payments are merely pass-through collections on behalf of the County and therefore not part of its gross receipts. The Waste Tax argument discussed above failed because Envirocare is not an agent of

the state in collecting a tax from a third party. Envirocare's argument with respect to the Agreement fails because the payments are not even a tax. The Agreement is a contract for the acquisition of Envirocare's property. The amounts Envirocare is contractually obligated to pay to the County are consideration for the acquisition of the land. Tooele County has no authority under state law to levy any sort of tax on the disposal of radioactive waste. Therefore, Envirocare's contractual payments cannot be considered anything but part of its expenses in the commercial waste disposal business, and they may not be excluded from gross receipts.

### CONCLUSION

¶ 9 The Radioactive Waste Tax Act and its amended version, the Radioactive Waste Facility Tax Act, are unambiguous in requiring the inclusion of all payments received by Envirocare for the receipt and disposal of radioactive waste in its gross receipts for tax purposes. The statute does not permit Envirocare to deduct from its gross receipts amounts it bills customers for use either in paying its Waste Tax or in meeting its contractual obligations to Tooele County. The judgment of the trial court is affirmed.

¶ 10 Associate Chief Justice DURRANT, Justice WILKINS, Justice PARRISH, and Justice NEHRING concur in Chief Justice DURHAM's opinion.